UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BL(A)CK TEA SOCIETY, UNITED )
FOR PEACE WITH JUSTICE, )
BOSTON COALITION FOR PALESTINIAN )   04  11620 DPW
RIGHTS, ELLY GUILLETTE, LESLIE )
CAGAN, MARILYN LEVIN, SHERIF FAM, )
and DANIELLE FERIS, )
       Plaintiffs,     MAGISTRATE JUDGE Alexander
)
   v.     )  CIVIL ACTION RECEIPT #_____
)                AMOUNT $ 150
CITY OF BOSTON, )            SUMMONS ISSUED yes
       Defendant. )          LOCAL RULE 4.1
)                WAIVER FORM
                         MCF ISSUED
**COMPLAINT**           BY DPTY. CLK. TOM
                         DATE 7/20/04

**Introduction**

1. This class action is brought pursuant to 42 U.S.C. §1983 for declaratory and injunctive relief for the deprivation by defendant City of Boston (the "City") of rights secured to plaintiffs and the members of the class they represent by the First and Fourteenth Amendments to the United States Constitution. Plaintiffs are seeking to demonstrate their opposition to, or otherwise influence, the platform of the Democratic Party through expressive political activity at or near the site of the Democratic National Convention ("DNC") that is scheduled for July 26-29, 2004, in Boston. Plaintiffs have planned to engage in various forms of political expression including, but not limited to, distribution of literature and printed materials, conducting rallies, engaging in marches and parades, displaying signs and banners and otherwise exercising

their rights of free speech and assembly. To accomplish these objectives, plaintiffs have applied for and were granted permits for the use of a designated Demonstration Zone (the "DZ"). The DZ constitutes the only area where organized group protest activity is permitted to occur within the sight and sound of delegates, officials, and other persons attending the DNC. Plaintiffs have chosen to use the DZ and neighboring areas adjacent to the site of the DNC because of its proximity to their intended audience. However, by its construction of the DZ and the restrictions it has imposed in the adjacent area known as the "Soft Security Zone" ("SZ"), the City has made it impossible for plaintiffs to fully exercise their rights of free speech, petition and assembly in violation of the First and Fourteenth Amendments of the United States Constitution.

### Jurisdiction and Venue

2.  Because this action arises under the Constitution and laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(b)(3).

### Parties

4.  Plaintiff Bl(A)ck Tea Society ("BTS") is an unincorporated voluntary association with members in and around Boston.

5. Plaintiff United for Justice With Peace ("United") is a National unincorporated voluntary association with members in and around Boston.

6. Plaintiff Boston Coalition for Palestinian Rights ("BCPR") is an unincorporated voluntary association with members in and around Boston.

7. Plaintiff Elly Guillette ("Guillette") is a natural person who resides in Cambridge, Massachusetts, and is a member of BTS. She brings this action on her own behalf, on behalf of the members of BTS, and on behalf of all persons who wish to exercise their First Amendment rights in the DZ and in the adjacent SZ during the DNC.

8. Plaintiff Leslie Cagan is a natural person who is the chairperson of United. Plaintiff Marilyn Levin is a natural person who resides in Arlington, Massachusetts, and is a member of United. They bring this action on their own behalf, on behalf of the members of United, and on behalf of all persons who wish to exercise their First Amendment rights in the DZ and in the adjacent SZ during the DNC.

9. Plaintiff Sherif Fam is a natural person who resides in Cambridge, Massachusetts, and is a member of BCPR. He brings this action on his own behalf of BCPR, and on behalf of all persons who wish to exercise their First Amendment rights in the DZ and in the adjacent SZ during the DNC.

10. Plaintiff Danielle Feris is a natural person who resides in Brookline, Massachusetts, and who works for the Dennis Kucinich for President Campaign. She brings this action on her own behalf and on behalf of all persons who wish to exercise their First Amendment rights in the DZ and in the adjacent SZ during the DNC.

11. Defendant City of Boston (the "City") is a political body incorporated under the laws of the Commonwealth of Massachusetts. At all times referred to herein, the City, its officers, agents, and employees have acted under color of state law and regulation.

### Class Action Allegations

12. Plaintiffs Guillette, Cagan, Levin, Fam and Feris bring this action on their own behalf and on behalf of all other similarly situated persons pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The proposed class consists of all persons who wish to exercise their First Amendment rights in the so-called DZ and in the adjacent SZ during the DNC.

13. The requirements of Rule 23(a) and 23(b)(2) are met in that the class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims of the representative parties are typical of the claims of the class; the representative parties will fairly

and adequately represent the interests of the class because they are represented by counsel with extensive experience in class action and constitutional litigation; and the party opposing the class purports to act on grounds generally applicable to the class, thereby making appropriate final injunctive and corresponding declaratory relief with respect to the class as a whole.

## Facts

### The So-Called Demonstration Zone ("DZ")

14.   Plaintiff BTS applied for and was granted a permit by the City to conduct rallies in the DZ between 1:30-3:30 p.m. on July 26, 2004, and between 1:30-4:00 p.m. on July 29, 2004. Plaintiff United and plaintiff BCPR applied for and were granted permits by the City to conduct a rally in the DZ between 5:00-8:00 p.m. on July 26, 2004.  Plaintiff Feris applied for and was granted a permit by the City on behalf of the Dennis Kucinich for President Campaign to conduct a rally in the DZ between 10:00-11:00 p.m. on July 29, 2004.

15.   The DZ consists of a parcel of land situated diagonally across Causeway Street from the Fleet Center, the site of the DNC, and it extends from approximately from 50 feet south of Causeway Street to approximately 50 feet north of Valenti Way. It is bounded on the west by the MBTA structures on the western side of Haverhill Street, and on the north, east and south by two

rows of jersey barriers, topped by eight foot chain link fencing. Netting extends from the top of the outer fence to an overhead MBTA track platform which covers most of the so-called DZ. The chain link fence is covered by a fine mesh screen that is semi-opaque. Although the City claims that the DZ has an area of approximately 29,000 square feet and can accommodate 4,000 demonstrators, most of this area is under the MBTA train tracks and platform. All ingress and egress to and from the DZ is through two narrow passageways, one from Valenti Way and one from Canal Street near Causeway Street. Although plaintiffs had requested this information for many months, they became aware of the precise location and dimensions of the DZ for the first time on July 19, 2004, when the fencing and netting was erected by the City. A diagram of the DZ provided by the City is attached hereto as Exhibit A.

16. This so-called DZ is the only area in proximity to the Fleet Center in which the City has authorized groups of demonstrators to assemble for the purpose of conducting rallies, making speeches, and distributing literature to attendees of the DNC and to the public.

17. The double row of fencing on the eastern side of the DZ separates the demonstrators from delegates and other attendees of the DNC who will be arriving by buses by such a distance that it prevents plaintiffs and the members of the class they represent

from communicating effectively any message to their intended audience. Moreover, the double row of fencing covered with a semi-opaque mesh and the numerous other obstacles in the DZ will prevent plaintiffs and the members of the class they represent from being within sight and sound of their intended audience. Because of these obstacles, the DZ has an effective capacity of far less than the 4000 claimed by the City.

18. The small stage area provided by the City for use by demonstrators will substantially hinder the ability of speakers to be seen and heard by their audiences inside and outside the DZ because of its placement, the many permanent obstacles in the zone, and the barriers completely enclosing the DZ.

### The Soft Zone "SZ")

19. On or about July 14, 2004, the City announced, for the first time, its intention to erect 4-foot high concrete jersey barriers topped by 8-foot chain link fencing around the entire SZ, in the area known as the "Bullfinch Triangle." This area is bounded by Causeway Street on the north, North Washington Street on the east, Haymarket on the south and Merrimac Street on the west. Heavy vehicles will be placed at street entrances to the SZ to prevent vehicles from entering. Security fencing will also be erected to close off street entrances and deny access of the public to the SZ if, in the sole discretion of police officers on the scene, the SZ becomes filled to capacity. However, the City

has failed to define what the capacity of the SZ is and has not articulated any reasonable standards on the basis of which access to the SZ may be denied.  The SZ, moreover, is routinely occupied by tens of thousands of persons after sporting events, concerts and other events at the Fleet Center without any need to fence the crowds in (or out).  The delegation by the City to the police of standardless discretion to deny access to public streets and areas within the SZ to plaintiffs and the members of the public they represent creates a substantial risk that their First Amendment rights will be violated.

20.  On or about July 16, 2004, plaintiffs were informed by the City that neither they nor the members of the class they represent would be permitted to bring any tables and chairs into the SZ for the purpose of displaying or distributing leaflets and other political literature, despite the fact that there are many locations where tables and chairs can be placed without impeding or obstructing pedestrian traffic.  The absolute prohibition on the use of tables and chairs by plaintiffs and the members of the class they represent will substantially interfere with their ability to exercise their First Amendment rights to display and distribute literature.

**Count I**

21. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 20, above, as if fully set forth herein.

22. The restriction by the City of all organized demonstrations and protests by plaintiffs and the members of the class they represent to the so-called demonstration zone violates their rights of free speech, petition and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

**Count II**

23. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 17, above, as if fully set forth herein.

24. The unreasonable restrictions placed by the City on the display and distribution of literature by plaintiffs and the members of their class within the soft zone violates their rights of free speech and petition guaranteed by the First and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1983.

**Count III**

25. Plaintiffs repeat and incorporate the allegations of paragraphs 1 through 20, above, as if fully set forth herein.

26. The delegation by the City to police officers of the absolute discretion to deny plaintiffs and the members of the class they represent access to the soft zone whenever, in the

(e) Order the City to pay plaintiffs their reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

(f) Grant such additional relief as the Court deems just and proper.

> THE BL(A)CK TEA SOCIETY, et al.
> By their Attorneys,
>
> _____
> Jonathan Shapiro
> BBO No. 454220
> Jeff Feuer
> BBO No. 546368
> Damon Thomas
> BBO No. 544074
> NATIONAL LAWYERS GUILD,
> MASSACHUSETTS CHAPTER
> 14 Beacon Street
> Boston, MA 02108
> (617)227-7335
>
> _____
> John Reinstein
> BBO No. 416120
> AMERICAN CIVIL LIBERTIES
> UNION OF MASSACHUSETTS
> 99 Chauncey Street
> Boston, MA 02111
> (617)482-3170
>
> _____
> Joseph L. Kociubes
> BBO No. 276360
> Neil G. McGaraghan
> BBO No. 649704
> BINGHAM McCUTCHEN, LLP
> 150 Federal Street
> Boston, MA 02110
> (617)951-8000

Dated: July 21, 2004

standardless opinion of the officers, the soft zone has reached its capacity, creates such a substantial risk that the First Amendment rights of plaintiffs and the members of their class will be violated so as to deprive plaintiffs of their rights guaranteed by the First and Fourteenth Amendment to the United States Constitution.

### **Prayer for Relief**

WHEREFORE, plaintiffs pray that this Court:

(a) Issue a declaratory judgment that the City has violated the rights of plaintiffs and the class they represent under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

(b) Issue an injunction ordering the City to alter and reconfigure the so-called demonstration zone so that plaintiffs and the members of the class they represent can effectively express and communicate their messages to their intended audience;

(c) Issue an injunction ordering the City to permit plaintiffs and the members of the class they represent to set up tables and chairs for the purpose of displaying and distributing their literature in the soft zone;

(d) Issue an injunction ordering the City not to deny access to the soft zone to plaintiffs and the members of the class they represent unless a clearly defined emergency is present;

(e) Order the City to pay plaintiffs their reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

(f) Grant such additional relief as the Court deems just and proper.

>THE BL(A)CK TEA SOCIETY, et al.
>By their Attorneys,
>
>_/s/ Jonathan Shapiro_
>Jonathan Shapiro
>BBO No. 454220
>Jeff Feuer
>BBO No. 546368
>Damon Thomas
>BBO No. 544074
>NATIONAL LAWYERS GUILD,
>MASSACHUSETTS CHAPTER
>14 Beacon Street
>Boston, MA 02108
>(617) 227-7335
>
>_/s/ John Reinstein_
>John Reinstein
>BBO No. 416120
>AMERICAN CIVIL LIBERTIES
>UNION OF MASSACHUSETTS
>99 Chauncey Street
>Boston, MA 02111
>(617) 482-3170
>
>_/s/ Neil G. McGaraghan_
>Joseph L. Kociubes
>BBO No. 276360
>Neil G. McGaraghan
>BBO No. 649704
>BINGHAM McCUTCHEN, LLP
>150 Federal Street
>Boston, MA 02110
>(617) 951-8000

Dated: July 21, 2004

11

# EXHIBIT A

DNC Bus Terminal Plan with the Context
June 23 2004